UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOSHUA HOSEA McFARLAND**                          **CIVIL ACTION**

**VERSUS**                                         **NO. 16-14433**

**SHERIFF MARLIN N. GUSMAN, ET AL.**                **SECTION: "N"(3)**

## REPORT AND RECOMMENDATION

Plaintiff, Joshua Hosea McFarland, a state inmate, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983. Claiming that he was injured in accident while incarcerated within the Orleans Parish Prison system, he has sued Orleans Parish Sheriff Marlin Gusman, Carlos Louque, Robert Martin, Jerry Green, and Terrance Richard.

### I.  Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint, the undersigned recommends that, for the following reasons, this matter be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

## II.  Plaintiff's Claim

In this lawsuit, plaintiff alleges that the defendants failed "to protect him from the dangerous condition of a steel picnic table with rusted bolts on September 9, 2015 at the Conchetta facility of the Orleans Parish jail."[1]  Specifically, he alleges that he was injured when the bolts securing the table to the floor snapped after he and another inmate sat down, causing the table to flip into the air.

As noted, plaintiff brought this action pursuant to 42 U.S.C. § 1983.  In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.  Accordingly, as the United States Fifth Circuit Court of Appeals has explained:

> There are two essential elements to any section 1983 action. First, the conduct complained of must have been committed by a person acting under color of state law; and second, this conduct must have deprived the plaintiff of *rights, privileges, or immunities secured by the Constitution or laws of the United States.*

Augustine v. Doe, 740 F.2d 322, 324-25 (5th Cir. 1984) (emphasis added).

---

[1] Rec. Doc. 3-1, p. 1.

That second element is lacking here.  Although plaintiff attempts to style his claim as one of constitutional magnitude, it is not.  There is no indication that any defendant was actually aware that the bolts in question were rusted and that the table posed a substantial risk of serious harm to inmates, much less that they were deliberately indifferent to that risk.  Rather, plaintiff's claim is one grounded in negligence based on the defendants' failure to discover and remedy a potentially unsafe situation.  That type of claim arises under state tort law, not federal constitutional law as required for a proper § 1983 claim.  See, e.g., Baker v. McCollan, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."); see also Daniels v. Williams, 474 U.S. 327, 336 (1986) ("Petitioner alleges that he was injured by the negligence of respondent, a custodial official at the city jail.  Whatever other provisions of state law or general jurisprudence he may rightly invoke, the Fourteenth Amendment to the United States Constitution does not afford him a remedy."); Farmer v. Brennan, 511 U.S. 825, 838 (1994) ("[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment."); Bowie v. Procunier, 808 F.2d 1142, 1143 (5th Cir. 1987) ("It is settled that the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property.  Nor is the Equal Protection Clause or the Eighth Amendment's prohibition of cruel and unusual punishment." (citations and quotation marks omitted)); Million v. Grounds, Civ. Action No. 5:14cv11, 2015 WL 5521989, at *5 (E.D. Tex. Sept. 17, 2015) ("The failure to remain vigilant in maintaining safe prison environments may rise to the level of negligence, but does not by itself amount to deliberate indifference.  In the present case, while the failure to make safety inspections

may have been negligent, the Plaintiff has not demonstrated the Defendants … knew of and disregarded a substantial risk of serious harm." (citation omitted)).

Lastly, to the extent that plaintiff is asking this Court to exercise supplemental jurisdiction to consider the merits of his state law negligence claims, that invitation should be declined in light of the fact that he has no cognizable federal claim.  See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction ...."); see also Jackson v. Mizzel, 361 Fed. App'x 622, 627 (5th Cir. 2010) ("Because [the plaintiff] states not one valid federal claim, the district court properly declined jurisdiction over his Louisiana causes of action."); Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.").  If plaintiff wishes to pursue claims under state law, he should do so in the state courts.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's state law claims be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eleventh day of October, 2016.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**